596554

Civil Court of the City of New York
County of Queens

-------------------------------------------X

HARPER PAIGE,

                Plaintiff,

        -against-

EXPERIAN,

                Defendant.

-------------------------------------------X

Index No.: CV-031192-24/QU
Date Filed: 12/27/24

**SUMMONS**

Plaintiff's Residence Address:
11920 Union Turnpike
Kew Gardens, N.Y. 11415
The basis of venue designated:
Plaintiff's residence and
Location/situs of incident(s)

To the above named defendant:

    You are hereby summoned to appear in the Civil Court of the City of New York, County of Queens at the office of the said Court at 89-17 Sutphin Boulevard, Jamaica, in the County of Queens, City and State of New York, 11435 within the time provided by law as noted below and file your answer to the summons and endorsed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000.00), interest from the date of the incidents alleged in this suit and together with the costs and disbursements of this action.

Dated: December 13, 2024

        By: _____
              April Forbes, Esq.
            Attorney(s) for Plaintiff
                P.O. Box 865
          Hudson, New York 12534
              (518) 249-5328

Defendant's Address:
EXPERIAN
701 Experian Parkway
Allen, Texas 75013

NOTE: The law provides that:

    (a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the City of New York, you must appear and answer within TWENTY days after such service; or

    (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

Civil Court of the City of New York
County of Queens

---------------------------------------------------------------X

HARPER PAIGE,

            Plaintiff,

v.

EXPERIAN,

            Defendant(s).

---------------------------------------------------------------X

Index No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

    Plaintiff HARPER PAIGE, ("Plaintiff"), by and through her attorneys, April Forbes, P.C., as and for its Complaint against the Defendant, EXPERIAN, ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

    1.    Plaintiff brings this action for damages, declaratory relief, and injunctive relief arising from Defendant's violation(s) of: (i) §1681 *et seq. as amended*, of Title 15 of the United States Code ("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

## PARTIES

    2.    Plaintiff is a resident of the Queens County area within the State of New York.

    3.    Defendant is a Texas corporation and has a place of business at 701 Experian Parkway, Allen, Texas 75013.

    4.    Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

## JURISDICTION AND VENUE

    5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

    6.    The Court also has pendent jurisdiction over the state law claims in this action pursuant

to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Plaintiff obtained a copy of her credit report on August 13, 2024 and noticed several accounts reporting with inaccurate information.

10. Based on the inaccurate information included within the credit report, Plaintiff wrote a dispute letter to Defendant which was dated August 13, 2024 ("Plaintiff's dispute letter"); mailed to Defendant via certified mail on August 14, 2024; and stated as follows:

> Dear Experian
> The accounts below are reporting inaccurately and I need them investigated:
> → DISCOVER BANK ACCT#: 601100XXXX : THIS ACCOUNT WAS PAID IN FULL BACK IN 2022 THERE SHOULD BE NO BALANCE
> → FB&T MERCURY ACCT#: 001510XXXX
> → MISSION LANE TAB BANK ACCT#: 431503XXXX : THIS ACCOUNT WAS PAID IN FULL BACK IN 2022 THERE SHOULD BE NO BALANCE
> → NAVY FEDERAL CU ACC#: 459755XXXX: I DO NOT RECALL HAVING A BALANCE OF $2187 WHICH IS BEYOND MY CREDIT LIMIT
> → GM FINANCIAL ACCT#: 111049XXXXX: THIS VEHICLE WAS PICKED UP AND SOLD SO THERE SHOULD BE BALANCE; BALANCE REPORTED IS $11304
> → VERIZON WIRELESS ACCT#: 384961XXXXXX : I DO NOT HAVE AN ACCOUNT WITH VERIZON WILL A BALANCE OF $2118 THAT IS COMPLETELY FRAUDULENT
> → US BKPT CT NY BK ACCT#: 2043645ESS - THE STATUS DATE IS NOT CORRECT, EVERYTHING WAS COMPLETED IN 2020

11. Defendant did not respond to Plaintiff's dispute letter.

12. Defendant failed to properly investigate the disputed account, failed to respond within the thirty (30) day requirement, with either a verification or deletion, and, accordingly, violated Plaintiff's rights under the FCRA.

13. Further, Defendant failed to mark the tradelines as disputed that were not already marked as disputed.

## FIRST CAUSE OF ACTION
### (Violation(s) of the FCRA)

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. 15 U.S.C. §1681i(a) is entitled "Reinvestigations of disputed information" and states, in relevant part, as follows:

> (1) Reinvestigation required
>
> (A) In general
>
> Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

16. Defendant violated 15 U.S.C. §1681i(a) by failing to conduct a reasonable investigation by either verifying the disputed account or deleting them within the required thirty (30) day statutory period.

17. Further, Defendant violated 15 U.S.C. §1681li(a) by failing to respond to Plaintiff in writing within the thirty (30) day statutory period.

18. Defendant violated the Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit report and credit files Defendant published and maintained.

19. Defendant violated the Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to update

the credit report, delete and/or remove the disputed accounts as requested in Plaintiff's dispute letter.

20. As a result of Defendant's violation of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress damages.

21. The violation(s) by Defendant of 15 U.S.C. §1681e (b) was/were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

22. After receiving Plaintiff's dispute letter, Defendant negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

23. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

24. Defendant is liable to Plaintiff by reason of its violation(s) of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

25. Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a), and such reports contained information about Plaintiff that was false, misleading, and inaccurate.

26. Defendant violated 15 U.S.C. §1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute letter regarding an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

27. As a result of Defendant's violation(s) of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress damages.

28. The violation(s) by Defendant of 15 U.S.C. §1681i(a) was/were willful, rendering it

liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

29. In the alternative, Defendant was/were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

30. As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress damages.

31. The violation(s) by Defendant of 15 U.S.C. §1681i (a)(1)(A) was/were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

32. In the alternative, Defendant was/were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

33. Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

34. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## DEMAND FOR TRIAL BY JURY

35. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment from Defendant:

A. For statutory and actual damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3) in the amount of Fifteen Thousand Dollars ($15,000); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

B. For punitive damages provided and pursuant to the FCRA, 15 U.S.C. §§ 1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

C. A Declaration that Defendant's practices violated the FCRA;

D. An injunction mandating Defendant to remove and/or delete the inaccurate information from Plaintiff's credit report;

E. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and

F. For any such other and further relief, including, but not limited to prejudgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: December 13, 2024

Respectfully submitted,

April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
*Attorney(s) for the Plaintiff*

**Civil Court of the City of New York**
**County of Queens**

HARPER PAIGE, Index No.

Plaintiff,

-against-

EXPERIAN,

Defendant.

**SUMMONS AND COMPLAINT**

*APRIL FORBES, P.C.*
*P.O. Box 865*
*Hudson, New York 12534*
*Phone: (518) 249-5328*
*Attorney(s) for Plaintiff*

To:
Attorney(s) for:

Service of a copy of the within is hereby admitted.

Dated:

Attorney (s) for

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of §130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Date: December 13, 2024

Signature

April Forbes, Esq.
Attorney(s) for Plaintiff
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
(518) 249-5328 - Telephone
(518) 707-0880 - Telefax
- Email